IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:11-cr-00455-HZ-1 |
| Plaintiff, | ORDER |
| v. | |
| KEVIN YOVANI SANDOVAL, | |
| Defendant. | |

HERNÁNDEZ, District Judge:

Defendant Kevin Yovani Sandoval moves the Court to reduce his sentence to time served under 18 U.S.C. § 3582(c)(1)(A)(i).[1] The Government opposes Defendant's motion. Because Defendant has not met his burden to demonstrate that extraordinary and compelling reasons exist

---

[1] The Government concedes that Defendant has satisfied the exhaustion requirement of the statute only as to his daughter's circumstances. *See* 18 U.S.C. § 3582(c)(1)(A). The Government argues that Plaintiff failed to exhaust his administrative remedies as to the other bases for his motion by failing to raise them in his request for release to the Bureau of Prisons. Gov. Resp. 6, ECF 44. The Court does not analyze this exhaustion argument because, even assuming Defendant had exhausted his administrative remedies, the Court finds that extraordinary and compelling reasons do not exist to warrant reducing his sentence to time served.

1 – ORDER

to reduce his sentence and because he remains a danger to the community, the Court denies Defendant's Motion to Reduce Sentence.

A federal district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824–25 (2010). Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception, commonly known as compassionate release, to reduce a defendant's sentence for "extraordinary and compelling reasons." Under the original statute, only the Director of the Bureau of Prisons ("BOP") could file a § 3582(c)(1)(A) motion for a sentence reduction on a defendant's behalf. *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). However, with the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), Congress amended § 3582(c)(1)(A) to also allow a defendant, after first requesting the BOP move for a reduction on his or her behalf, to directly move the district court for a sentence reduction:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) Extraordinary and compelling reasons warrant such a reduction; [. . . ]
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The United States Sentencing Commission's policy statement identifies categories of extraordinary and compelling reasons, including the defendant's age, medical condition, and "family circumstances." U.S.S.G. § 1B1.13 app. n.1(A)-(C). The Sentencing Commission's policy statement, however, only applies to § 3582(c)(1)(A) motions filed by the BOP Director on behalf of a defendant. *Aruda*, 993 F.3d at 802. On a defendant's direct motion for compassionate

release, the policy factors "may inform a district court's discretion . . ., but they are not binding." *Id.* (citation omitted). As a result, the court may consider any extraordinary and compelling reason for release that a defendant raises. *Id.*

Defendant is serving a seventy-month sentence for Felon in Possession of a Firearm. Judgment 1–2, ECF 36. Defendant's projected release date is in December 2024 or January 2025. Def. Mot. 2–3, ECF 41; Gov. Resp. 4, ECF 44. Defendant seeks compassionate release based on his family circumstances and risk of COVID-19 infection. Defendant asserts that his need to provide support his mother, daughter, niece, and nephew presents an extraordinary and compelling reason to reduce his sentence to time served. Def. Mot. 2. Defendant asserts that his brother has gone missing and is presumed dead, one of his sisters has died, and his mother is in poor health. *Id.* at 2–3. Defendant's living sister lives with Defendant's mother and helps to care for Defendant's mother and two nephews, one of whom is disabled. Defendant also argues that his own daughter is in dire circumstances because his daughter's mother, who currently cares for her, is "houseless and under investigation with child services." *Id.* at 2. Defendant did not provide a declaration or any evidence in support of his motion.

Defendant also argues that his risk of COVID-19 infection is an extraordinary and compelling reason to reduce his sentence to time served. *Id.* at 2–3. However, Defendant contracted COVID-19 in December 2020. Gov. Resp. Ex. 3 at 1, ECF 45-1. In April 2021, Defendant refused a Pfizer-BioNTech COVID-19 vaccine. Gov. Resp. Ex. 5 at 1, ECF 45-1.

The Court finds that the circumstances described in Defendant's motion do not present extraordinary and compelling reasons to reduce Defendant's sentence to time served. Defendant notes in his motion that although he has lost three family members recently, his sister Nanci is "primarily responsible for" his mother's care and takes care of Defendant's two nephews. Def.

3 – ORDER

Mot. 4–5. Although Defendant contends that his daughter needs his care, despite his reference to an investigative report, Defendant provided no evidence to support his assertion that his daughter is living in her mother's car, that her mother is under active investigation by child services, or that he has any custody or visitation rights that would permit him to move his daughter to Hermiston as he plans. Def. Mot. 10 (describing that if he is released, he "could gain custody" of his daughter). The Court also finds that the possibility that Defendant will become severely ill from COVID-19 is not a compelling reason to reduce his sentence because Defendant has contracted and recovered from COVID-19 and refused a vaccination to protect himself from COVID-19 infection.

## CONCLUSION

The Court DENIES Defendant's Motion to Reduce Sentence Pursuant to U.S.C. § 3582(c)(1)(A)(i) [41] without prejudice and with leave to seek reconsideration if circumstances change.

IT IS SO ORDERED.

DATED:___September 6, 2021___.

_____
MARCO A. HERNÁNDEZ
United States District Judge

4 – ORDER