IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:11-cr-00455-HZ |
| Plaintiff, | ORDER |
| v. | |
| KEVIN YOVANI SANDOVAL, | |
| Defendant. | |

HERNÁNDEZ, District Judge:

Defendant Kevin Sandoval moves a second time for the Court to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). In his first motion to reduce sentence Defendant sought compassionate release based on the risk of COVID-19 and his family circumstances. The Court denied Defendant's motion. Defendant again seeks compassionate release based on the same family circumstances and COVID-19 risks.

A federal district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824–25

1 – ORDER

(2010). Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception, commonly known as compassionate release, to reduce a defendant's sentence for "extraordinary and compelling reasons." Under the original statute, only the Director of the Bureau of Prisons ("BOP") could file a § 3582(c)(1)(A) motion for a sentence reduction on a defendant's behalf. *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). But with the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), Congress amended § 3582(c)(1)(A) to also allow a defendant, after first requesting that the BOP move for a reduction on his or her behalf, to directly move the district court for a sentence reduction:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) Extraordinary and compelling reasons warrant such a reduction;
> > [. . .]
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The United States Sentencing Commission's policy statement identifies categories of extraordinary and compelling reasons, including the defendant's age, medical condition, and "family circumstances." U.S.S.G. § 1B1.13 app. n.1(A)-(C). The Sentencing Commission's policy statement, however, only applies to § 3582(c)(1)(A) motions filed by the BOP Director on behalf of a defendant. *Aruda*, 993 F.3d at 801. On a defendant's direct motion for compassionate release, the policy factors "may inform a district court's discretion . . ., but they are not binding." *Id*. (citation omitted). As a result, the court may consider any extraordinary and compelling

reason for release that a defendant might raise. *Id*. This is broad in scope and when a defendant advances several bases in support of a motion for compassionate release, the district court should consider whether those reasons combined rise to the level of extraordinary and compelling even if no circumstance alone justifies compassionate release. *See id*. at 1101.

Defendant seeks compassionate release based on the COVID-19 pandemic, as he did in his first motion. *See* Def. Mot., ECF 52. Plaintiff filed what appears to be a boilerplate form in which he raises general arguments about the risk of COVID-19 and the conditions of confinement at FCI Sheridan during the lockdown. *Id.* But generalized concerns about the pandemic are not "extraordinary and compelling reasons" justifying compassionate release. *See United States v. Navarrette-Aguilar*, 3:12-CR-00373-HZ-1, 2021 WL 3260056, at *2 (D. Or. July 28, 2021); *United States v. Navarrette-Aguilar*, No. 252, 3:12-CR-00373-HZ-1 (D. Or. July 8, 2022). On September 14, 2023, Plaintiff filed a supplement to his Motion in which he continues to raise arguments regarding access to programming due to COVID-19 restrictions and the same family circumstances that Plaintiff cited in his first motion as a basis for compassionate release.

The Court concludes, however, that a reduction in Defendant's sentence is not warranted under § 3553(a). Defendant has a 20-year criminal history that includes multiple convictions for assault and menacing. In addition, Defendant has incurred multiple probation and supervised release violations. In this case he was awaiting trial on felony charges and under supervision from a prior conviction when he committed the crime of conviction. The sentence ordered by the Court was necessary to reflect the seriousness of the offense, promote respect for the law, deter criminal conduct, and to protect the public. Compassionate release, therefore, is not warranted.

3 – ORDER

## CONCLUSION

The Court DENIES Defendant's Motion for Reduction in Sentence, ECF 52.

IT IS SO ORDERED.

DATED: September 26, 2023.

_____
MARCO A. HERNÁNDEZ
United States District Judge

4 – ORDER